

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-5-2002

# Chichelo v. Hoffmann-La Roche

Precedential or Non-Precedential:

Docket 1-2055

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Chichelo v. Hoffmann-La Roche" (2002). *2002 Decisions.* Paper 100.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/100

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT


No. 01-2055


JOSEPH CHICHELO,
                              Appellant

                    v.

HOFFMANN-LA ROCHE INC.,
a member of the Roche Group


On Appeal from the United States District Court
        for the District of New Jersey
        (D.C. Civil No. 97-cv-05344)
District Judge:  Hon. William G. Bassler


Submitted Under Third Circuit LAR 34.1(a)
        February 4, 2002

Before:  SLOVITER, AMBRO, Circuit Judges, and POLLAK, District
Judge

(Filed    February 5, 2002)


MEMORANDUM OPINION OF THE COURT

SLOVITER, Circuit Judge.

    Appellant Joseph Chichelo, who had been employed by Hoffman-La Roche
Inc.
("Roche") for twenty-seven years, advised his supervisor in writing on May
23, 1994 that
he intended to voluntarily retire on June 10, 1994.  That was his last day
of work, and his
retirement became effective as of July 1, 1994.  Later that year, Roche
announced a
voluntary early retirement program (a "VERP").  Chichelo sued Roche under
the
Employee Retirement Income Security Act of 1974 ("ERISA"), Pub. L. No. 93-
406, 88

Stat. 829 (codified as amended in 29 U.S.C. 1001–1461 and in scattered sections of 26 U.S.C. (2001)), claiming Roche violated its fiduciary duty as an ERISA plan administrator by failing to disclose the VERP to him in response to his specific inquiries. Determining that Roche was not "seriously considering" a VERP when Chichelo inquired about that possibility, the District Court entered summary judgment for Roche.

On appeal, Chichelo argues the District Court's application and interpretation of "serious consideration" were erroneous as a matter of law, and that genuine issues of material fact were still in dispute on that issue.

This court has jurisdiction pursuant to 28 U.S.C. 1291. We will affirm.

I.

Because we write solely for the parties, we need not set forth a detailed recitation of the background for this appeal and will limit our discussion to resolution of the issues presented.

This court gives plenary review to a district court's grant of summary judgment, reviewing the facts in the light most favorable to the party against whom judgment was entered. Beers–Capital v. Whetzel, 256 F.3d 120, 130 n.6 (3d Cir. 2001). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Under ERISA, employers who administer their employees' retirement plans breach their fiduciary duty if they materially mislead employees who inquire regarding possible changes in those plans. Fischer v. Phila. Elec. Co., 96 F.3d 1533, 1538 (3d Cir. 1996) ("Fischer II"). An employer makes a material misrepresentation when it responds to employee inquiries by representing it is not considering a change to its pension plan, if it is in fact giving "serious consideration" to a change. Id.

Chichelo made numerous inquiries of Roche executives asking whether Roche planned to implement a VERP. All of the executives responded that they knew of no such plans. Chichelo's last such inquiry was made on May 10, 1994.

The District Court construed a statement in Chichelo's May 23, 1994 resignation letter that "[i]f Roche should prefer to elect that I retire early, perhaps there could be some

compensatory program," as a last inquiry whether a VERP was being considered. App. at 16. Roche argues that "in his resignation letter Chichelo did not inquire about whether the company might offer a VERP. What he did do was to ask for an individualized 'compensatory package.'" Br. of Appellee at 33 n.20. Although on a motion for summary judgment the District Court was obligated to consider the evidence in the light most favorable to the nonmovant, see, e.g., Meyer v. Riegel Prods. Corp., 720 F.2d 303, 307 n.2 (3d Cir. 1983), we believe the District Court adopted an unnecessarily generous view of what constitutes an employee inquiry. The "serious consideration" standard is designed to protect an employee by ensuring she has "material information on which [she] can rely in making employment decisions." Fischer II, 96 F.3d at 1539. By sending a resignation letter, Chichelo had already made his employment decision. Chichelo's last explicit inquiry was May 10, but even if it was May 23, as the District Court found, the result would not be different.

## II.

The appropriateness of summary judgment for Roche turns on whether there is a genuine issue of material fact whether Roche gave "serious consideration" to implementing a VERP prior to May 23. An employer gives "serious consideration" to changing its plan "when (1) a specific proposal (2) is being discussed for purposes of implementation (3) by senior management with the authority to implement the change." Fischer II, 96 F.3d at 1539.

A specific proposal follows the preliminary steps of "gathering information, developing strategies, and analyzing options." Id. at 1539-40. At best, Roche may have been involved in these preliminary steps sometime after May 10. On May 1, 1994, Roche had signed a merger agreement with Syntex, another drug manufacturer. In preparing to consummate that agreement, Roche had begun to plan for the integration of the two companies. Roche executives contemplated that integration would entail dislocating some employees.

The earliest evidence Chichelo provided is that Patrick Zenner, Roche's President and CEO, appointed a task force in "late spring" to study the integration of the Roche and

Syntex workforces. No evidence supports Chichelo's contention that one of this task force's mandates was to implement a VERP. It is only sheer speculation by Chichelo, and as such it is insufficient to create a genuine issue of fact whether a specific proposal existed.

Chichelo points to a number of documents as circumstantial evidence that Roche seriously considered a VERP prior to his last inquiry. First, Chichelo points to two memos from Zenner. The first memo, dated May 13, 1994, contained a "breakdown of the number of Syntex employees by business and function units." App. at 377. The second memo, dated May 26, 1994, recounts advice from competitors' CEOs regarding post-merger management, such as that one should "make decisions as quickly as you can." App. at 379. Neither of these memos create a genuine issue whether a specific proposal for a VERP existed at Roche prior to May 23.

The other evidence is equally unavailing. On June 9, 1994, the consultants Roche had retained the preceding year forwarded a brief summary of recent early retirement windows for other pharmaceutical companies to a manager in Roche's trust funds department. In mid-June, Roche sent a survey regarding VERPs to a number of other pharmaceutical companies. On July 20, Roche retained new consultants to assist in its integration with Syntex. On July 21, Roche's General Counsel, "[i]n response to [Zenner's] request," provided Zenner with a memorandum outlining legal risks surrounding employment issues associated with the Roche/Syntex integration. That memo focused primarily on VERPs. App. at 382.

All of this suggests there was growing momentum at Roche in favor of implementing a VERP. None of this evidence, however, creates a genuine issue of fact that a specific plan to implement a VERP existed at Roche prior to May 23, 1994.

Nor does the evidence create a material issue of fact that a VERP was being considered by decision makers at Roche for purposes of implementation prior to May 23. The discussion-for-implementation factor "recognizes that a corporate executive can order an analysis of benefits alternatives or commission a comparative study without seriously considering implementing a change in benefits. Preliminary stages may also

require interaction among upper level management, company personnel, and outside
consultants."  Fischer II, 96 F.3d at 1540.  At best, the evidence discussed above suggests
that sometime in June Roche entered this preliminary stage of evaluating a VERP.

We can understand the disappointment and frustration of a twenty-seven year
employee who could have a much more favorable pension had he delayed his retirement
by several months.  But Chichelo was aware that there was talk about a possible merger
and could have decided to delay his retirement while the internal changes that merger
caused had been fully worked out.  Under the law enunciated by this court, the employee
cannot recover under ERISA for failure of the employer-plan administrator to give notice
of impending changes unless the changes were under "serious consideration."  Chichelo
has not produced evidence that the early retirement program was under serious
consideration at the time of his inquiries.

### III.

Because no evidence supports a determination that a specific proposal for the
purposes of implementation existed prior to the time Chichelo made his final inquiry,
Roche cannot have "seriously considered" a VERP at that time.  Accordingly, Chichelo
has presented no genuine issue of material fact that Roche made material
misrepresentations to him in violation of its fiduciary duty under ERISA.

For the reasons set forth, we will affirm the order of the District Court.

_____

TO THE CLERK:

Please file the foregoing opinion.


/s/ Dolores K. Sloviter

Circuit Judge